IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LOUIS EDWARDS | § | |
| | § | |
| V. | § | A-10-CA-478-LY |
| | § | [1:08-CR-284-LY(1)] |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Louis Edwards's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Clerk's Doc. No. 83), filed June 28, 2010; Edwards's Motion to Take Judicial Notice (Clerk's Doc. No. 87), filed July 12, 2010; and Edwards's Motion for Bond (Clerk's Doc. No. 88), filed July 14, 2010.

The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

I. BACKGROUND

On August 5, 2008, Movant Louis Edwards ("Edwards") was charged in a two-count indictment with conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, and attempting to possess with intent to distribute 100 kilograms or more of marijuana, both in violation of 21 U.S.C. §§ 841 and 846 . On September 17, 2008, Edwards entered a plea of guilty to the indictment. There was no plea agreement in this case. On December 16, 2008, the District Court sentenced Edwards to a 120-month term of imprisonment, followed by an eight-year term of

supervised release. Additionally, the District Court ordered Edwards to pay a $200 special assessment fee, and ordered Edwards to forfeit all right, title and interest to the United States $75,000 in U.S. currency. A direct appeal was not taken in this case. On June 28, 2010, Edwards filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In his motion, Edwards claims that the government's charges against him are inapplicable to his actions, as they occurred on land that was under the "exclusive jurisdiction" of the State Republic of Texas, which Edwards argues is outside the territorial jurisdiction of the United States.[1]

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, it should

---

[1] Edwards was arrested while illegally attempting to purchase 500 kilograms of marijuana in Round Rock, Texas, which is in the Western District of Texas. Clearly, this is within the "territorial jurisdiction" of the United States. However, because Edwards's motion is time-barred, the Court need not reach the merits (or lack thereof) of this absurd claim.

be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary. *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

### III. ANALYSIS

As noted above, Edwards was sentenced on December 16, 2008. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on § 2255 motions. *See United States v. Riggs*, 314 F.3d 796, 798 (5th Cir. 2002). Section 2255 provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment becomes final upon expiration of the time during which the defendant may file notice of an appeal, regardless of whether the defendant actually files such notice. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). Under Fed. R. App. P. 4, Movant had fourteen days to file an appeal of the judgment, and he declined to do so. Movant's judgment of conviction therefore became final on December 30, 2008, fourteen days after the district court executed judgment in his case. Consequently, his deadline to file a petition pursuant to § 2255 was December 30, 2009.

Movant filed his Motion to Vacate on June 28, 2010—almost six months past the deadline. Thus, Edwards's Motion to Vacate must be denied as time-barred.[2]

### IV.  RECOMMENDATION

Based on the above, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Louis Edwards's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Clerk's Doc. No. 83). The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Edwards's Motion to Take Judicial Notice (Clerk's Doc. No. 87). Finally, the undersigned **RECOMMENDS** that the District Judge **DENY** Edwards's Motion for Bond (Clerk's Doc. No. 88).

### V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

---

[2] Edwards has filed two other motions related to his § 2255 motion. One, titled "Motion to Take Judicial Notice," asked for his § 2255 motion to be filed in a District Court and heard by an Article III judge. The § 2255 motion was filed in a District Court, and it will be heard by the Honorable Judge Yeakel, an Article III judge. (Judge Yeakel has referred the case to the undersigned for a Report and Recommendation, but it will ultimately be ruled upon by Judge Yeakel.) Thus, this motion is moot. The second is a motion for bond, in which Edwards requests to be released until a decision is made in his § 2255 motion. Given the recommendation that his § 2255 motion be denied as time-barred—not to mention the fact that the § 2255 motion is plainly without merit—this motion should be denied as well.

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE